# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

| | |
|---|---|
| *Christina Allmon v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-11333-DRH-PMF |
| *Sarah Anderson v. Bayer Corp., et al.* | No. 3:10-cv-12663-DRH-PMF |
| *Victoria Blanchfield v. Bayer Corp., et al.* | No. 3:10-cv-12661-DRH-PMF |
| *Dagmar Breeden v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-11341-DRH-PMF |
| *Dana Buffin v.*<br>*Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-12071-DRH-PMF |
| *Audrey Burnett v. Bayer Corp., et al.* | No. 3:10-cv-11183-DRH-PMF |
| *Kendel Cochran v. Bayer Corp., et al.* | No. 3:10-cv-10761-DRH-PMF |
| *Mandolyn Davis v. Bayer Corp., et al.* | No. 3:10-cv-12650-DRH-PMF |
| *Diana DeLuna, et al. v. Bayer AG, et al.*[1] | No. 3:11-cv-20001-DRH-PMF |
| *Jolanta Fredericks v. Bayer Corp., et al.* | No. 3:11-cv-20024-DRH-PMF |
| *Larisa Hardie v. Bayer Corp., et al.* | No. 3:10-cv-12666-DRH-PMF |
| *Stacey Klee v. Bayer Corp., et al.* | No. 3:11-cv-20023-DRH-PMF |
| *Samantha Lehman v. Bayer Corp., et al.* | No. 3:10-cv-12690-DRH-PMF |
| *Stephanie Lowery v.* | No. 3:10-cv-11459-DRH-PMF |

---

[1] **This motion applies to plaintiff Kelly Hansen only.**

*Bayer HealthCare Pharmaceuticals, Inc., et al.*

| | |
|---|---|
| *Alexandria Mosher v. Bayer Corp., et al.* | No. 3:10-cv-12698-DRH-PMF |
| *Misty Naumann v. Bayer Corp., et al.* | No. 3:11-cv-20022-DRH-PMF |
| *Syreeta Page v. Bayer Corp., et al.* | No. 3:10-cv-12700-DRH-PMF |
| *Kelly Perez v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-13224-DRH-PMF |
| *Angela Perkins v. Bayer Corp., et al.* | No. 3:10-cv-12701-DRH-PMF |
| *Rose Pickard v. Bayer Corp., et al.* | No. 3:10-cv-12702-DRH-PMF |
| *Delma Reyes v. Bayer Corp., et al.* | No. 3:10-cv-12765-DRH-PMF |
| *Laura Robinson v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-12956-DRH-PMF |
| *Cecelia Ruiz v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-12847-DRH-PMF |
| *Afton Salyers v. Bayer Corp., et al.* | No. 3:10-cv-12708-DRH-PMF |
| *Alondra Scott v. Bayer Corp., et al.* | No. 3:10-cv-10464-DRH-PMF |
| *Melissa Sellnow v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-12957-DRH-PMF |
| *Charda Siler v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-11056-DRH-PMF |
| *April Taylor v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:09-cv-10065-DRH-PMF |
| *Michaela Utegg v. Bayer Corp., et al.* | No. 3:11-cv-20021-DRH-PMF |
| *Susan Vaughn v. Bayer Corp., et al.* | No. 3:10-cv-12741-DRH-PMF |
| *Andrea Velazquez v. Bayer Corp., et al.* | No. 3:10-cv-10483-DRH-PMF |
| *Diana Warren v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-10118-DRH-PMF |

**ORDER DISMISSING WITHOUT PREJUDICE**

Before the Court is Defendant Bayer HealthCare Pharmaceuticals Inc. motion, pursuant to Case Management Order 12 ("CMO 12"),[2] for an Order dismissing plaintiffs' claims in the above-captioned matters[3] without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[4]

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, plaintiffs in the above-captioned matters were to have served completed PFSs on or before April 14, 2011 (*See Allmon,* Doc. 8 Exhibit

---

[2] The Parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

[3] The motion to dismiss with regard to member actions *Sutton v. Bayer Corp., et al.,* 3:10-cv-12738-DRH-PMF and *Trumble v. Bayer Corp., et al.,* 3:10-cv-12739 has been withdrawn (*Sutton* 3:10-12738 Doc. 8; *Trumble* 3:10-cv-12739 Doc. 8). These plaintiffs are now in compliance with their PFS obligations. Therefore, these member actions are not included in this Order.

[4] Defendant filed identical motions and exhibits in each of the above captioned member actions. For ease of reference, the Court references the document number and exhibits in the first member action listed on the caption. *Christina Allmon v. Bayer HealthCare Pharmaceuticals, Inc.*, et al. No. 3:10-cv-11333-DRH-PMF Doc. 8).

A). Per Section E of CMO 12, notice of overdue discovery was sent on or before May 9, 2011 (*See Allmon,* Doc. 8 Exhibit B). As of today's date, plaintiffs in the above-captioned matters still have not served completed PFSs. Plaintiffs' completed PFSs are thus more than one month overdue.

Under Section E of CMO 12, **plaintiffs were given 14 days from the date of Bayer's motion**, in this case 14 days from June 10, 2011, to file a response either certifying that they served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.[5]

To date, none of the plaintiffs in the above captioned member actions has filed a response. Because the Plaintiffs in the above captioned cases have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have failed to comply with the PFS obligations under CMO 12. Accordingly, the Court hereby **ORDERS** as follows:

---

[5] Responses to Bayer's motion to dismiss were due 14 days from June 10, 2011 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that <u>**when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**</u>. ***See* United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").** The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

- Plaintiff Kelly Hansen in multi-plaintiff member action *DeLuna, et al. v. Bayer AG, et al.,* No. 3:11-2001-DRH-PMF is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the requirements of CMO 12.

- The rest of the **above captioned member actions** are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the requirements of CMO 12.

- **Further,** the Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

**SO ORDERED**

Digitally signed by
David R. Herndon
Date: 2011.06.28
15:40:46 -05'00'

**Chief Judge**                                                  **Date: June 28, 2011**
**United States District Court**